IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) |
| JOSEPH A. HERSPERGER, III; and | ) |
| KAREN S. HERSPERGER, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR FEDERAL TAXES**

PLAINTIFF, the United States of America, by and through its attorneys, complains against the defendants as follows:

1. This is a civil action in which the United States seeks to reduce to judgment certain federal tax assessments against Joseph A. Hersperger, III ("Taxpayer") and to foreclose federal tax liens against certain real property and sell the property, the proceeds of the sale be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to the Taxpayer's interest to be paid to the United States in satisfaction of his unpaid federal tax liabilities.

## JURISDICTION & VENUE

2. This civil action is commenced at the request and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of Treasury, and at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. §§ 7401 and 7403.

3. Jurisdiction over this action is conferred upon this court by virtue of 28 U.S.C. §§1331, 1340 and 1345 and 26 U.S.C. §7402(a).

4. Venue is proper in this district and division under 28 U.S.C. § 1396.

## PARTIES

5. The plaintiff is the United States of America.

6. The Taxpayer resides within this judicial district.

7. The defendant Karen S. Hersperger resides within this judicial district and may claim an interest in the real property that is the subject of this civil action.

8. The real property that is the subject of this civil action is located at 314 MacNab Drive, Moon Township, Pennsylvania. which is within the jurisdiction of this Court.

## COUNT I
## REDUCE TAX ASSESSMENTS TO JUDGMENT

9. The United States incorporates paragraphs 1 through 8 of the complaint as if fully set forth herein.

10. The Taxpayer was a person who was required to withhold, collect, and pay over to the Internal Revenue Service the federal income and social-security taxes that were required to be withheld from the wages of the employees of Automotive Telephone, Inc. for the taxable periods described in paragraph 12, below.

11. The Taxpayer willfully failed to withhold, collect, and pay over to the Internal Revenue Service the federal income and social-security taxes that were required to be withheld from the wages of the employees of Automotive Telephone, Inc. for the taxable periods described in paragraph 12, below.

12. In accordance with 26 U.S.C. § 6203, on January 6, 2003, a delegate of the Secretary of the Treasury of the United States, assessed against the Taxpayer pursuant to 26 U.S.C. § 6672, the trust fund recovery penalties for the taxable periods described below. These assessments represent the federal income and social-security taxes that were required to be withheld from the wages of the employees of Automotive

Telephone, Inc. for the taxable periods described below. The tax periods for the trust fund recovery penalties and the amounts of the assessments are as follows:

| Tax Period Ending | Assessment |
|---|---|
| 12/31/1998 | $28,468.71 |
| 03/31/1999 | $24,546.05 |
| 06/30/1999 | $15,621.03 |
| 09/30/1999 | $12,306.09 |
| 12/31/1999 | $13,979.39 |

13. The assessments described in paragraph 12, above, were properly and timely made in accordance with law.

14. Proper notices and demands for payment of the assessments described in paragraph 12, above, were made on the Taxpayer.

15. Statutory additions to tax, including interest and penalties, have accrued on the assessments described in paragraph 12, above, since the dates of assessment, and continue to accrue.

16. Despite the notices and demands for payment of the aforementioned assessments, the Taxpayer has failed to pay the full amounts due and owing, and as of December 14, 2009, there remains due and owing to the United States the sum of $126,193.80.

WHEREFORE, the plaintiff, United States of America, prays:

A. That the Court render judgment in favor of the United States and against defendant Joseph A. Hersperger, III in the amount of $126,193.80, as of December 14,

2009, together with all interest and penalties that have accrued and will continue accruing according to law relating to the federal income and social-security taxes that were required to be withheld, collected, and paid over to the United States from the wages paid to the employees of Automotive Telephone, Inc. from the fourth quarter of 1998 through the fourth quarter of 1999.

**COUNT II
FORECLOSE FEDERAL TAX LIENS
AGAINST REAL PROPERTY LOCATED AT
314 MACNAB DRIVE, MOON TOWNSHIP, PENNSYLVANIA**

17.     The United States incorporates paragraphs 1 through 16 the complaint as if fully set forth herein.

18.     By deed dated October 30, 1995, the Taxpayer and defendant Karen S. Hersperger, acquired an interest in certain real property known as 314 MacNab Drive, Moon Township, Pennsylvania, which is the property more fully described as follows (the "Real Property"):

> All that Certain Lot or Parcel of Ground Situate in the Township of Moon, County of Allegheny, and Commonwealth of Pennsylvania, known and identified as Lot 726 in the Bon Meade, Plan no. 7, as recorded in the Recorder's Office of Allegheny County, Pennsylvania, in Plan Book Volume 98, page 150 and 151.

19.     By reason of the assessments described in paragraph 12 above, federal tax liens arose and attached to all property and rights to property then owned or thereafter acquired by the Taxpayer including the Real Property, described in paragraph 18, above.  *See* 26 U.S.C. §§ 6321, 6322.

20.     Notices of federal tax liens with respect to the liabilities described in paragraph 12, above, were filed against the Taxpayer with the Allegheny Prothonotary on September 1, 2004.

WHEREFORE, the plaintiff, United States of America, prays:

B.  That the Court order and adjudge that the United States of America has valid and subsisting federal tax liens on all property and rights to property of defendant Joseph A. Hersperger, including his interest in the Real Property;

C.  That the Court determine the respective interests of Joseph A. Hersperger, III and Karen S. Hersperger in the Real Property;

D.  That the Court order and adjudge that the federal tax lien attaching to the interest of defendant Joseph A. Hersperger in the Real Property be foreclosed, and that the Real Property be sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein, and that the proceeds of the sale be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to Joseph A. Hersperger's interest be paid to the United States to be applied against Joseph A. Hersperger's tax liabilities; and

//
//

E.  That the Court award such other and further relief and may be deemed just and proper under the circumstances.

DATE: December 17, 2009

>ROBERT S. CESSAR
>United States Attorney
>
>*/s/ Ari D. Kunofsky*
>ARI D. KUNOFSKY
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 227
>Washington, D.C. 20044
>Telephone: (202) 353-9187
>Facsimile: (202) 514-6866
>Email: Ari.D.Kunofsky@usdoj.gov
>
>*Counsel for the United States*