IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
        vs.                    ) Civil Action No. 09-1663
                               )
JOSEPH A. HERSPERGER, III,     )
and KAREN S. HERSPERGER,       )
                               )
            Defendants.        )

## MEMORANDUM OPINION

### I.  INTRODUCTION

Before the Court is the motion of Defendants, Joseph A. Hersperger, III and Karen S. Hersperger, to dismiss the Complaint for Federal Taxes filed by the Government on December 17, 2009. For the reasons set forth below, the motion will be denied.

### II.  COMPLAINT

The Government's Complaint for Federal Taxes may be summarized as follows:

Defendant Joseph A. Hersperger, III (the "Taxpayer"), who was required to withhold, collect and pay over to the Internal Revenue Service the federal income and Social Security taxes that were required to be withheld from the wages of the employees of Automotive Telephone, Inc., willfully failed to do so for the tax periods ending on December 31, 1998, March 31, 1999, June 30, 1999, September 30, 1999 and December 31, 1999. In accordance with 29 U.S.C. § 6203, which sets forth the method of assessing

tax liabilities, and pursuant to 26 U.S.C. § 6672, which governs the failure to collect and pay over taxes to the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States assessed against the Taxpayer the federal income and Social Security taxes that were required to be withheld from the wages of the employees of Automotive Telephone, Inc. for the fourth quarter of 1998 through the fourth quarter of 1999.

Proper notices and demands for payment of the assessments were made on the Taxpayer, and statutory additions to delinquent taxes, including interest and penalties, have continued to accrue since the dates of the assessments. Despite notices and demands for payment, the Taxpayer has failed to pay the full amounts due and owing which, as of December 14, 2009, totaled $126,193.80.

The Government requests the Court to (1) reduce to judgment the federal tax assessments against the Taxpayer; (2) adjudge that the United States of America has valid and subsisting federal tax liens on all property and rights to property of the Taxpayer, including his interest in real property located at 314 McNab Drive, Moon Township, Pennsylvania; (3) determine the respective rights of the Taxpayer and Defendant Karen S. Hersperger in the real property located at 314 McNab Drive, Moon Township, Pennsylvania; and (4) adjudge that the federal tax lien attaching to the interest of the Taxpayer in the real property located at 314 McNab Drive, Moon Township, Pennsylvania be

2

foreclosed, the real property sold and the proceeds of the sale distributed in accordance with the rights of the parties as determined herein.

## III. DISCUSSION

The real property at issue in this case, 314 McNab Drive, Moon Township, Pennsylvania, is Defendants' principal residence. Defendants assert that the instant complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) due to the Government's failure to plead, allege or demonstrate compliance with the requirements of 26 U.S.C. § 6334(a)(13)(B), which relates to the exemption of a taxpayer's principal residence from levy by the Government for the purpose of collecting delinquent taxes.  After consideration, the Court finds Defendants' argument in support of dismissal meritless.

As noted by the Government, delinquent federal taxes may be collected by several means, including liens and levies.  Tax liens are governed by 26 U.S.C. § 7403, while tax levies are governed by 26 U.S.C. §§ 6331-43.  (Document No. 8).  In the present case, the Government is not seeking to levy on Defendants' residence.  Rather, the Government is seeking to foreclose the lien on the residence arising out of the tax assessments against the Taxpayer.  Simply put, the property exemption from levy on which Defendants rely to support their motion to dismiss is inapplicable in this case.

3

Despite the inapplicability of the property exemption in 26 U.S.C. § 6334(a)(13)(B), the Court notes that 26 U.S.C. § 7403 provides that a district court "may" decree the sale of property to satisfy tax indebtedness of delinquent taxpayer. Thus, 26 U.S.C. § 7403 does not require the court to authorize a forced sale under absolutely all circumstances.  Limited room is left in the statute for the district court's exercise of reasoned discretion.  United States v. Rodgers, 461 U.S. 677 (1983).  See also United States v. Eaves, 499 F.2d 869 (10th Cir.1974) (Although it had the power to do so, it was not an abuse of discretion for trial court, once it determined the validity of tax lien against husband's property, to refuse to order outright sale of husband's and wife's residence for payment of husband's tax liability and to order instead that sale be limited to husband's undivided one-half interest); United State v. Klimek, 952 F.Supp. 1100 (E.D.Pa.1997) (In action to reduce federal tax assessments against tax protestor to judgment and foreclose federal tax liens on marital residence, protestor's non-delinquent wife was not entitled to exercise of court's equitable powers to prevent forced sale of entire property due to wife's extensive knowledge of and involvement in husband's income tax delinquency and efforts to shelter assets from the government, even though the wife might have some interest in the property); United States v. Jensen, 785 F.Supp. 922 (D.Utah1992) (Government

4

could not immediately foreclose its tax lien against taxpayer's
undivided one-half interest in house held by taxpayer and his
wife as tenants in common; wife, who was innocent third party,
had lived in house for more than 20 years and was in frail health
due to advanced cancer, and possibility of undue harm to wife
substantially outweighed any prejudice to Government in delaying
sale of property).

_William L. Standish_

William L. Standish
United States District Judge

Date: April _6_, 2010