IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 09-1663 |
| ) | |
| JOSEPH A. HERSPERGER, III, ) | |
| and KAREN S. HERSPERGER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

I.  **INTRODUCTION**

Plaintiff, United States of America, and Defendants, Joseph A. Hersperger, III and Karen S. Hersperger, have filed cross-motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). For the reasons set forth below, the Government's motion will be granted and Defendants' cross-motion will be denied.

II. **BACKGROUND**

The Government filed a two-count complaint against Defendants on December 17, 2009. In Count I, the Government seeks a judgment against Mr. Hersperger in the amount of $126,193.80, as of December 14, 2009, together with accruing interest and penalties. Count I is based on Mr. Hersperger's failure to withhold and pay over to the Internal Revenue Service ("IRS") the federal income and Social Security taxes that were required to be withheld from the wages of the employees of Automotive Telephone, Inc. ("ATI") for the tax periods ending on

1

December 31, 1998, March 31, 1999, June 30, 1999, September 30, 1999 and December 31, 1999.[1] In Count II, the Government seeks an Order of Court adjudging that (a) the federal tax liens attaching to Mr. Hersperger's interest in Defendants' residence be foreclosed;[2] (b) the residence be sold according to law, free and clear of any right, title, lien, claim or interest of either Defendant; (c) the proceeds of the sale be distributed in accordance with the rights of the parties as determined by the Court; and (d) the amount attributable to Mr. Hersperger's interest in Defendants' residence be paid to the Government to be applied against his tax liabilities.

### III. LEGAL STANDARD

Under Fed.R.Civ.P. 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. A district court may not grant a Rule 12(c) motion "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law, ... view[ing] the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party." Hayes v. Community General Osteopathic Hospital, 940 F.2d 54, 56 (3d Cir.

---

[1] The Court notes that Mr. Hersperger's liability for the taxes of ATI is undisputed.

[2] Defendants' residence is located at 314 MacNab Drive, Moon Township, Pennsylvania.

1991), quoting Society Hill Civic Assoc. v. Harris, 632 F.2d 1045, 1054 (3d Cir.1980).

**IV. DISCUSSION**

In their answers, Defendants admit the material allegations of the Government's complaint. Specifically, Defendants admit that Mr. Hersperger willfully failed to withhold federal income and Social Security taxes from the wages of ATI's employees and pay those taxes over to the IRS for the tax periods at issue; that the assessments made against Mr. Hersperger by a delegate of the Secretary of the Treasury of the United States for those taxes were proper, timely and in accordance with law; that proper notices and demands for payment of the assessments have been made on Mr. Hersperger; and that despite the notices and demands, Mr. Hersperger has failed to pay the full amounts due and owing. (Document Nos. 13 and 14, ¶¶ 10-16, 18-20). As a result, Defendants do not oppose the Government's request for a judgment against Mr. Hersperger in the amount of $126,193.80, as of December 14, 2009, together with accrued interest and penalties. (Document Nos. 13 and 14, p. 2).

The only dispute in this case relates to the Government's request in Count II of the Complaint for an Order of Court adjudging its right to foreclose on Defendants' residence, which is owned by Defendants as tenants by the entireties (Document No. 15-1), and apply 50% of the sale proceeds to Mr. Hersperger's tax

liabilities. Defendants assert that the Court should decline to grant the foregoing requested relief based on Mrs. Hersperger's alleged greater interest in the residence under the laws of the Commonwealth of Pennsylvania relating to the equitable distribution of marital property in the event of a divorce. Defendants admit, however, that they have no authority to support this argument. (Document No. 21, ¶¶ 4-5).

After consideration, the Court concludes that the decision of the Court of Appeals in <u>Popky v. United States of America</u>, 419 F.3d 242 (3d Cir.2005), controls this case and compels the Court to grant the requested relief at issue. In that case, Mrs. Popky failed to pay employment taxes that were required to be withheld from the wages of the employees of a business which she owned. The IRS assessed taxes against Mrs. Popky attributable to these unpaid taxes and filed a notice of tax lien against her. Shortly thereafter, the Popkys sold real property located in Narbeth, Pennsylvania which they owned as tenants by the entireties. The title insurance company held a portion of the sale proceeds in escrow due to the outstanding federal tax lien against Mrs. Popky, and eventually issued a check to the IRS to satisfy the lien. The Popkys then filed a quiet title action to recover the proceeds of the sale of the real property which had been paid to the IRS. The district court granted summary judgment to the Government, and the Popkys appealed.

The Court of Appeals in Popky initially addressed the issue of whether a federal tax lien resulting from unpaid taxes attributable to one tenant by the entireties could attach to that tenant's interest in entireties property and, based on the Supreme Court's decision in United States v. Craft, 535 U.S. 274 (2002), held that the tax lien could attach. The Court of Appeals then addressed the Popkys' argument that, even if the federal tax lien properly attached to Mrs. Popky's interest in entireties property, the district court erred in valuing her interest at 50% of the property. In rejecting this argument, the Court of Appeals stated:

* * *

> ... The Popkys argue that the valuation should be based on some variation of their life expectancies. Some courts have adopted or endorsed the use of life expectancies derived from actuarial tables in determining the value of a tenant's interest in entireties property in this context. See, e.g., In re Murray, 318 B.R. 211, 214 (Bankr.M.D.Fla.2004); In re Basher, 291 B.R. 357, 364 (Bankr.E.D.Pa.2003).
>
> The District Court properly rejected this approach. Valuing the interests of tenants by the entireties equally accords with the longstanding Pennsylvania common law definition of tenancies by the entirety. See In re Estate of Brose, 416 Pa. 386, 206 A.2d 301, 304-05 (1965)(in a tenancy by the entireties, "each of the tenants holds the entire estate by the half and by the whole."). Lindenfelser v. Lindenfelser, 396 Pa. 530, 153 A.2d 901, 905 (1959) (noting that each spouse in a tenancy by the entireties "is entitled to equal use, enjoyment, and possession" and "entitled equally to the usufruct of the properties."). As the District Court correctly observed, "the equal division of assets between spouses ... parallels the distribution of entireties property when an entireties estate is severed because of a sale with consent of both tenants, divorce or other reasons." 326 F.Supp.2d at 602; see also

5

> Reifschneider v. Reifschneider, 413 Pa. 342, 196 A.2d 324
> (1964)(holding that wife was entitled to fifty percent share
> of proceeds from husband's sale of bonds); In re Pritchard,
> 359 Pa. 315, 59 A.2d 101, 102 (1948)(observing that when
> tenants by the entireties agree to terminate the tenancy and
> sell the property, the sale proceeds are divided equally
> between them). Sound policy reinforces the District Court's
> approach to valuation, as an equal valuation is far simpler
> and less speculative than the valuation contemplated by the
> Popkys. Thus, we agree with the District Court's valuation
> of Sheila Popky's interest in the proceeds from the sale of
> the Narbeth property at fifty percent.
>
> * * *

419 F.3d at 245.

While the Court is sympathetic to the impact of Mr. Hersperger's failure to pay employment taxes on Mrs. Hersperger, the fact that she may be awarded more than 50% of the value of the marital residence in an equitable distribution of Defendants' property in the event of a future divorce is irrelevant with regard to the relief requested by the Government that is at issue. There is simply no basis for precluding the Government from foreclosing on Defendants' residence and applying Mr. Hersperger's 50% interest in the sale proceeds to his longstanding tax liabilities in accordance with Popky. Under the

circumstances, the Government's motion for judgment on the pleadings will be granted in its entirety.[3]

*William L. Standish*
William L. Standish
United States District Judge

Date: August 30, 2010

---

[3] In a reply to the Government's response in opposition to their cross-motion for judgment on the pleadings, Defendants, in essence, ask the Court to compel the Government to accept $29,708.33 to be paid in twelve monthly, interest-free payments in lieu of foreclosing on Defendants' residence and applying Mr. Hersperger's 50% interest in the sale proceeds to his tax liabilities. In support of this request, Defendants note the existence of nongovernmental creditor liens and Commonwealth of Pennsylvania tax liens filed solely against Mr. Hersperger. As noted by the Government, however, Mr. Hersperger's other creditors are irrelevant because non-federal liens filed solely against Mr. Hersperger, including state tax liens, cannot attach to property he owns as a tenant by the entireties. Moreover, there is no authority for this Court to force the Government to accept a settlement proposed by Defendants.